```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA

         CASE NO. 09-60652-CIV-DIMITROULEAS/SNOW
```

BARCLAYS BANK PLC,

    Intervening Plaintiff

vs.

M/Y WE WON, etc., et al.,

    Defendants.
_____/

### REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Intervening Plaintiff's Verified Motion for Attorneys' Fees and to Tax Costs (DE 109), which was referred to United States Magistrate Judge Lurana S. Snow for report and recommendation. No defendant has filed a response in opposition to the motion, which is ripe for consideration.

### I. PROCEDURAL HISTORY

Intervening plaintiff intervened in this action, seeking foreclosure on its Ship Mortgage encumbering the M/Y WE WON and a deficiency judgment against the mortgagor, defendant Bay Maritime Ltd. and the guarantor, defendant Valerie Elizabeth Kaan. On September 28, 2009, intervening plaintiff filed its Motion for Summary Judgment, which included a claim for fees and costs. (DE 60) Attached to the motion are copies of the pertinent documents, which include a provisions requiring the mortgagee and guarantor to reimburse Intervening Plaintiff for all costs associated with legal

proceedings initiated by the Intervening Plaintiff to enforce the mortgage provisions. (DE 60: Ex. A, ¶ 12; Ex. B,¶ 8, Ex. C, ¶ 1.2)

The Motion for Summary Judgment was granted on January 25, 2010. (DE 96).  On the same date, this Court entered Final Judgment in favor of Intervening Plaintiff in the amount of $3,391,693.10, plus prejudgment interest at the per diem rate of $184.74 and *custodia lega* fees. (DE 97)

In the instant motion, plaintiff seeks an award of attorneys' fees and costs, as follows:

a) Attorneys' fees of Robert D. McIntosh, Esq., in the amount of $41,520.00 (138.40 hours at $300 per hour);

b) Attorneys' fees of Adam B. Cooke, Esq. in the amount of $18,160.00 (90.80 hours at $200 per hour);

c) Paralegal fees of Kristin M. Power in the amount of $5,770.00 (57.7 hours at $100 per hour);

d) Paralegal fees of Chere D. Evans in the amount of $240.00 (2.4 hours at $100 per hour);

e) Costs of compromising and/or settling other lien claims against the vessel to protect Intervening Plaintiff's interest, in the amount of $65,603.74 ($12,752.64 to Advantage Marine Services, Inc.; $40,851.00 to ISO Bunkers LLC, and $12,000.00 to Michael Cassell);

f) *Custodia lega* expenses in the amount of $63,466.12,

g) Survey costs in the amount of $2,650.00 (one-half the fee for a survey performed by Slakoff, Stahl, Gordon and Associates), and

h) Court costs in the amount of $4,169.40 (itemized in Intervening Plaintiff's Bill of Costs, DE 109, Ex. I).

Intervening plaintiff has submitted affidavits from each of the attorneys and paralegals documenting the hours worked and hourly rate of each, and stating that the work performed by each was necessary to the case. (DE 109, Exhibits A-D)  Mr. McIntosh's affidavit also states his opinion that the hourly rates charged by the attorneys and paralegals is below the prevailing market rates in the Florida community. (DE 109, Ex. A) Also attached to the instant motion is supporting documentation for all fees and expenses, including attorney time sheets and invoices for costs. (DE 109, Exhibits E-I)

## II. RECOMMENDATIONS OF LAW

Pursuant to the mortgage documents, defendants Bay Maritime Ltd., mortgagor, and Valerie Elizabeth Kaan, guarantor, are responsible for payment of all costs of enforcing Intervening Plaintiff's rights and mortgages, which the undersigned finds includes attorneys' fees and court costs. Also, ¶ 8.3  the Deed of Covenants for the Ship Mortgage provides that the mortgagor and guarantor must reimburse the Intervening Plaintiff for expenses incurred in the repair of the yacht and for the discharge of any liens, bonds or claims against the yacht which must be paid to release the yacht from detention. (DE 60, Ex. B)

This Court must calculate a reasonable attorney fee by utilizing the "lodestar" method described in Hensley v. Eckerhart,

3

461 U.S. 424 (1983), which held that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," since this computation "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Id. at 433.

The party seeking an award of fees should submit evidence supporting the hours worked and the hours claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly. A district court also should exclude from this initial fee calculation hours that were not "reasonably expended."  Id. at 433-34.  Therefore, counsel for the prevailing party "should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Id. at 434. Moreover, "fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." Norman v. Housing Auth. Of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).

The Eleventh Circuit has adopted the "lodestar" approach as the method to be used in calculating federal statutory fee awards. Norman held that the district court must begin by

4

determining a reasonable hourly rate, which is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Id. at 1299, citing Blum v. Stenson, 465 U.S. 886, 895 (1984). The applicant bears the burden of proving, by direct or opinion evidence, that the requested rate is in line with prevailing market rates.

In the instant case, the Intervening Plaintiff has properly documented the hours expended by each of the attorneys and paralegals, which the undersigned finds were reasonable and necessary. The undersigned further finds that the rates claimed by the attorneys and paralegals are at or below the prevailing rates in the South Florida community. Accordingly, Intervening Plaintiffs are entitled to the total claimed attorneys' fees in the amount of $65,690.00 in attorneys' fees.

The undersigned further finds that all costs claimed by the Intervening Plaintiff are reimbursable pursuant to the mortgage documents and are properly documented in the record. Therefore, Intervening Plaintiff is entitled to an award of costs in the amount of $63,366.12 for *custodia lega* expenses, $68,253.64 in additional expenses and $4,169.40 in costs of litigation, for a total of $135,789,16,

### III. CONCLUSION

For the foregoing reasons, and being duly advised, it is hereby

RECOMMENDED that the Intervening Plaintiff's Verified Motion for Attorney's Fees and to Tax Costs (Docket Entry 109) be GRANTED, and that final judgment be entered against defendants Bay Maritime LTD and Valerie Elizabeth Kaan in the amount of $201,479.16 for attorneys fees and costs.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1998), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 29th day of June, 2010.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
ALL Counsel of Record